IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-15-73-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JAMES DEBERRY, | |
| Defendant. | |

## I.  Synopsis

Mr. Deberry was accused of violating his conditions of supervised release after being discharged from sex offender treatment.  He admitted to violation.  Mr. Deberry's supervised release should be revoked.  He should be sentenced to four months of custody on each count, to run concurrently, with fifty-six months of supervised release to follow on each count, to run concurrently.

## II.  Status

On June 2, 2016, United States District Judge Brian Morris sentenced Mr. Deberry to twenty-one months custody, with sixty months of supervised release to follow, after Mr. Deberry pled guilty to Sex Abuse of a Minor or Ward and Abusive Sexual Contact without Permission.  (Doc. 30).  Mr. Deberry's term of supervised release began on August 14, 2017

On October 18, 2017, a Report on Offender Under Supervision was filed outlining Mr. Deberry's non-compliance, which included using alcohol and being around children under the age of 18, as well as being terminated from his job and missing sex offender group. (Doc. 33). Mr. Deberry was allowed to remain on supervised release.

**Petition**

On April 5, 2018, the United States Probation Office filed a petition asking the Court to revoke Mr. Deberry's supervised release. The petition alleged that on April 3, 2018, Mr. Deberry was terminated from sex offender treatment for failing to appear for group session or indicate he would not be there. The discharge summary stated that Mr. Deberry struggled to stay awake during sessions and would rarely, if at all, participate. (Doc. 35). Based on the petition, Judge Morris issued a warrant for Mr. Deberry's arrest. (Doc. 36).

**Initial appearance**

Mr. Deberry appeared before the undersigned on April 17, 2018, in Great Falls, Montana, for an initial appearance. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Deberry said he had read the petition and understood the allegations.

Mr. Deberry waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Deberry admitted that he violated the condition of his supervised release as set forth in the petition. The violation is serious and warrants revocation of Mr. Deberry's supervised release.

Mr. Deberry's violation grade is Grade C, his criminal history category is III, and his underlying offenses are a Class E felony (Count 1) and a Class C felony (Count 2). He could be incarcerated for up to twelve months on Count 1, and twenty-four months on Count 2. He could be ordered to remain on supervised release for sixty months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Arvanetes recommended that the sentencing be continued for three months to give Mr. Deberry an opportunity to return to compliance, with the hope that the petition be dismissed if there were no further violations. Mr. Arvanetes noted that Mr. Deberry was steadily employed and did not have a substance abuse problem. Mr. Deberry addressed the Court and asked for leniency, stating that he struggled with the program, but would improve if allowed back in. Mr. Cobell argued for a guideline sentence, noting that Mr. Deberry had not made ay progress

in his treatment and that he does not participate in treatment when given the chance.

### III.  Analysis

Mr. Deberry's supervised release should be revoked. Mr. Deberry should be sentenced to four months of custody for each count, to run concurrently, with fifty-six months of supervised release to follow on each count, to run concurrently. This sentence would be sufficient given the serious violation of the Court's trust, but is not greater than necessary.

### IV.  Conclusion

Mr. Deberry was advised that the above sentence would be recommended to Judge Morris. The undersigned reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Deberry's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Deberry's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> James Deberry violated the conditions of his supervised release by being discharged from sex offender treatment.

The Court **RECOMMENDS:**

      The District Court should enter the attached Judgment, revoking Mr. Deberry's supervised release and committing Mr. Deberry to the custody of the United States Bureau of Prisons for four months on each count, to run concurrently, with fifty-six months of supervised release to follow on each count, to run concurrently.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

    The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

    Dated the 20th day of April, 2018.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge